## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| Alec David Lindstrom, by and through | : | |
| His Legal Guardian, Lisa A. Lindstrom, | : | |
| And Lisa A. Lindstrom, in her own right | : | |
| 700 Pomona Road | : | |
| Cinnaminson, New Jersey 08077 | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | |
| St. Joseph's School for the Blind | : | **JURY TRIAL DEMANDED** |
| 761 Summit Avenue | : | |
| Jersey City, New Jersey 07307 | : | |
| | : | |
| And | : | |
| | : | |
| David Feinhals | : | |
| 761 Summit Avenue | : | |
| Jersey City, New Jersey 07307 | : | |
| | : | |
| Defendants | : | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, Alec David Lindstrom and Lisa A. Lindstrom, by and through their undersigned counsel, now state the following against defendants, St. Joseph's School for the Blind, hereinafter referred to as "SCHOOL," and David Feinhals.

## PARTIES

1. Plaintiff, Alec David Lindstrom, is twenty (20) years old, and resides at 700 Pomona Road in Cinnaminson, New Jersey 08077.

2. Mr. Lindstrom has been multiply handicapped since birth. His disabilities include blindness, cerebral palsy, and developmental delays. Mr. Lindstrom is unable to speak, and has a very limited ability to communicate his wants and needs.

3. Plaintiff, Lisa A. Lindstrom, resides at 700 Pomona Road in Cinnaminson, New Jersey 08077.

4. Mrs. Lindstrom is Mr. Lindstrom's mother, and she was appointed his guardian by the Burlington County Surrogates Court on December 2, 2014.

5. Defendant, SCHOOL, is a non-profit corporation in the State of New Jersey, and it operates The Concordia Learning Center at St. Joseph's School for the Blind.

6. SCHOOL's principle place of business is located at 761 Summit Avenue, Jersey City, New Jersey 07307.

7. At all times relevant hereto, SCHOOL conducted its operations through its agents, servants, workmen, and employees.

8. Defendant, David Feinhals is the Executive Director of SCHOOL, and his office is located at 761 Summit Avenue, Jersey City, New Jersey 07307.

## JURISDICTION

9. This Honorable Court has jurisdiction over the claims made against SCHOOL under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (hereinafter referred to as "Section 504"), and under the Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq. (hereinafter referred to as the "ADA"), pursuant to 28 U.S.C. § 1331.

10. This Honorable Court has jurisdiction over all of the remaining claims under 28 U.S.C. § 1367.

## **FACTUAL BACKGROUND**

11. Due to his disabilities, Mr. Lindstrom has been a residential student at SCHOOL since July of 2010.

12. Since starting at SCHOOL in 2010, Mr. Lindstrom would attend school and live at SCHOOL during the week, and then would return home each weekend, whenever SCHOOL was in session during the school year.

13. Mr. Lindstrom would also attend school and live at SCHOOL during the week, and then return home each weekend, whenever SCHOOL conducted its Extended School Year program.

14. Mr. Lindstrom lived with Mrs. Lindstrom whenever he was not attending SCHOOL.

15. Beginning in February of 2015, Mrs. Lindstrom began to notice bed bug bites on Mr. Lindstrom when he would return home from SCHOOL for the weekend.

16. This situation occurred on numerous occasions between February of 2015 and July of 2015.

17. During the time period between February of 2015 and July of 2015, Mrs. Lindstrom continuously communicated to SCHOOL and Mr. Feinhals that SCHOOL had a bed bug outbreak, and demanded that action be taken to resolve the problem.

18. Despite Mrs. Lindstrom's repeated demands for action, SCHOOL and/or Mr. Feinhals failed to remediate the bed bug problem, and Mr. Lindstrom continued to be bitten.

19. Mr. Lindstrom's health was so significantly impaired by his bed bug bites, he received medical care on several occasions.

20. Mr. Lindstrom's body has also been scarred due to the bed bug bites he received at SCHOOL.

21. Instead of resolving its bed bug problem, SCHOOL and/or Mr. Feinhals, in a blatant retaliatory move, unilaterally terminated Mr. Lindstrom's placement at SCHOOL in June of 2015.

22. SCHOOL and/or Mr. Feinhals' retaliatory actions against Mr. Lindstrom were detrimental to him in that: he had resided at SCHOOL for five (5) years and was accustomed to the placement; finding appropriate placements for Mr. Lindstrom is extremely difficult due to his multiple disabilities; and changing placements for Mr. Lindstrom creates breaks in his educational programming.

## COUNT I
### Alec Lindstrom and Lisa Lindstrom v. SCHOOL

23. Mr. Lindstrom and Mrs. Lindstrom incorporate herein by reference the preceding paragraphs of this Complaint as if set forth herein at length.

24. SCHOOL was the recipient of Federal Funding during all times relevant hereto.

25. SCHOOL's operations affect commerce.

26. Mr. Lindstrom is disabled for Section 504 and ADA purposes due to his blindness, cerebral palsy, and developmental delays.

27. Mr. Lindstrom was otherwise qualified to participate in the educational and residential program at SCHOOL, and in fact had participated in said programs from July of 2010 until he was expelled from SCHOOL in July of 2015.

28. By failing to deal with its bed bug problem, SCHOOL deprived Mr. Lindstrom of the benefits of its program and/or subjected him to discrimination.

29. SCHOOL further deprived Mr. Lindstrom of the benefits of its program and/or subjected him to discrimination when it threw him out of its program in June of 2015.

30. SCHOOL's actions also constitute improper retaliation.

4

31. As a direct and proximate result of SCHOOL's actions, Mr. Lindstrom and Mrs. Lindstrom experienced the following damages: Mr. Lindstrom experienced physical pain and suffering; Mr. Lindstrom experienced in the past and continues to experience mental anguish; Mr. Lindstrom experienced a loss of educational services; Mrs. Lindstrom had to pay for medical care for Mr. Lindstrom, and may have to pay for additional medical care in the future; and Mr. Lindstrom experienced permanent scarring on his body.

32. SCHOOL's actions in repeatedly failing to properly attend to and protect Mr. Lindstrom, a non-communicative/blind/disabled person in its care, after being repeatedly told that he was being bitten by vermin, and then expelling him from its program, constitutes wanton and willful conduct; therefore, the imposition of punitive damages is appropriate.

**WHEREFORE**, Plaintiffs, Alec David Lindstrom and Lisa A. Lindstrom, respectfully request that this Honorable Court enter judgment in their favor and against defendant, St. Joseph's School for the Blind, for compensatory damages, attorneys' fees, expert fees, punitive damages, interest, and cost of suit.

## COUNT II
### Alec Lindstrom and Lisa Lindstrom v. SCHOOL

33. Mr. and Mrs. Lindstrom incorporate herein by reference the preceding paragraphs of this Complaint as if set forth herein at length.

34. SCHOOL was a place of public accommodation at all times relevant hereto under the New Jersey Law Against Discrimination, N.J.S.A. § 10: 5-1 et. seq. (hereinafter referred to as "Law Against Discrimination"), pursuant to N.J.S.A. § 10: 5-5(l), and

thereby was a public facility pursuant to N.J.S.A. § 10: 5-5(v) at all times relevant hereto.

35. Mr. Lindstrom is disabled under the Law Against Discrimination, N.J.S.A. §§ 10: 5-5(q) and (r); therefore, he is entitled to protection under said Law.

36. By failing to deal with its bed bug problem, SCHOOL barred Mr. Lindstrom from attending a public facility in violation of the Law Against Discrimination, N.J.S.A. §§ 10: 5-12(f).

37. SCHOOL further deprived Mr. Lindstrom of the opportunity to attend a public facility in violation of the Law Against Discrimination, N.J.S.A. §§ 10: 5-12(f), when it threw him out of its program in June of 2015.

38. SCHOOL's actions also constitute improper retaliation pursuant to N.J.S.A. § 10:5-12(d).

39. As a direct and proximate result of SCHOOL's actions, Mr. Lindstrom and Mrs. Lindstrom experienced the following damages: Mr. Lindstrom experienced physical pain and suffering; Mr. Lindstrom experienced in the past and continues to experience mental anguish; Mr. Lindstrom experienced a loss of educational services; Mrs. Lindstrom had to pay for medical care for Mr. Lindstrom, and may have to pay for additional medical care in the future; and Mr. Lindstrom experienced permanent scarring on his body.

40. SCHOOL's actions in repeatedly failing to properly attend to and protect Mr. Lindstrom, a non-communicative/blind/disabled person in its care, after being repeatedly told that he was being bitten by vermin, and then expelling him from its

program, constitutes wanton and willful conduct; therefore, the imposition of punitive damages is appropriate.

**WHEREFORE**, Plaintiffs, Alec David Lindstrom and Lisa A. Lindstrom, respectfully request that this Honorable Court enter judgment in their favor and against defendant, St. Joseph's School for the Blind, for compensatory damages, attorneys' fees, expert fees, punitive damages, interest, and cost of suit.

<u>**COUNT III**</u>
<u>**Alec Lindstrom and Lisa Lindstrom v. SCHOOL**</u>

41. Mr. Lindstrom and Mrs. Lindstrom incorporate herein by reference the preceding paragraphs of this Complaint as if set forth herein at length.

42. SCHOOL was at all times relevant hereto operating a nursing home for purposes of N.J.S.A. § 30: 13-1 <u>et. seq.</u> in that:

(a). It maintained and operated facilities for extended medical and nursing treatment and/or care for Mr. Lindstrom and at least one other non-related individual;

(b). The individuals SCHOOL cared for, including Mr. Lindstrom, suffered from acute or chronic illnesses or injuries, were crippled, or were convalescent or infirmed; and

(c). Mr. Lindstrom and the other individuals SCHOOL cared for were in need of treatment and care on a continuing basis.

43. Mr. Lindstrom was a resident of SCHOOL at all times relevant hereto.

44. SCHOOL failed to maintain a safe and decent living environment for Mr. Lindstrom in violation of N.J.S.A. § 30: 13-5(j).

45. SCHOOL further violated N.J.S.A. § 30: 13-5(i) when it discharged Mr. Lindstrom when his guardian complained about his deplorable living conditions.

46. SCHOOL also violated N.J.S.A. § 30: 13-5(m) when it violated Mr. Lindstrom's rights under Section 504 and/or the ADA.

47. Mr. Lindstrom has the right to bring a private cause of action against SCHOOL under N.J.S.A. §§ 30: 13-4.2 and 30: 13-8 to address these violations.

48. As a direct and proximate result of SCHOOL's actions, Mr. Lindstrom and Mrs. Lindstrom experienced the following damages: Mr. Lindstrom experienced physical pain and suffering; Mr. Lindstrom experienced in the past and continues to experience mental anguish; Mr. Lindstrom experienced a loss of educational services; Mrs. Lindstrom had to pay for medical care for Mr. Lindstrom, and may have to pay for additional medical care in the future; and Mr. Lindstrom experienced permanent scarring on his body.

49. SCHOOL's actions in repeatedly failing to properly attend to and protect Mr. Lindstrom, a non-communicative/blind/disabled person in its care, after being repeatedly told that he was being bitten by vermin, and then expelling him from its program, constitutes wanton and willful conduct; therefore, the imposition of punitive damages is appropriate.

**WHEREFORE**, Plaintiffs, Alec David Lindstrom and Lisa A. Lindstrom, respectfully request that this Honorable Court enter judgment in their favor and against defendant, St. Joseph's School for the Blind, for compensatory damages, attorneys' fees, expert fees, punitive damages, interest, and cost of suit.

## COUNT IV
### Alec Lindstrom and Lisa Lindstrom v. SCHOOL and David Feinhals

50. Mr. and Mrs. Lindstrom incorporate herein by reference the preceding paragraphs of this Complaint as if set forth herein at length.

8

51. At all times relevant hereto, SCHOOL and Mr. Feinhals had a duty to properly provide for Mr. Lindstrom while he was in their care. SCHOOL and Mr. Feinhals violated this standard by their grossly negligent actions and wanton and willful conduct in that they:

    (a). Failed to take appropriate actions to eradicate bed bugs from their facility after Mrs. Lindstrom repeatedly advised administrative personnel including Mr. Feinhals that Mr. Lindstrom was being bitten by bed bugs;

    (b). Failed to take appropriate actions to eradicate bed bugs from their facility after their own agents, servants, workmen, and/or employees repeatedly found that Mr. Lindstrom was being bitten by bed bugs;

    (c). Knowingly allowed bed bugs to bite Mr. Lindstrom, and then, after not acting to stop the situation, failed to medically treat Mr. Lindstrom; and

    (d). Intentionally dismissing Mr. Lindstrom from their program knowing it would be detrimental to him when neither Mr. Lindstrom nor Mrs. Lindstrom had done anything wrong.

52. As a direct and proximate result of SCHOOL and Mr. Feinhals' actions, Mr. Lindstrom and Mrs. Lindstrom experienced the following damages: Mr. Lindstrom experienced physical pain and suffering; Mr. Lindstrom experienced in the past and continues to experience mental anguish; Mr. Lindstrom experienced a loss of educational services; Mrs. Lindstrom had to pay for medical care for Mr. Lindstrom, and may have to pay for additional medical care in the future; and Mr. Lindstrom experienced permanent scarring on his body.

53. SCHOOL and Mr. Feinhals' actions in repeatedly failing to properly attend to and protect Mr. Lindstrom, a non-communicative/blind/disabled person in their care, after

being repeatedly told that he was being bitten by vermin, and then expelling him from its program, constitutes wanton and willful conduct; therefore, the imposition of punitive damages is appropriate.

**WHEREFORE**, Plaintiffs, Alec David Lindstrom and Lisa A. Lindstrom, respectfully request that this Honorable Court enter judgment in their favor and against defendant, St. Joseph's School for the Blind, and/or defendant, David Feinhals, for compensatory damages, punitive damages, interest, and cost of suit.

Respectfully submitted,

S/ David G. C. Arnold

_____

David G. C. Arnold

Attorney for Plaintiffs,
Alec David Lindstrom and Lisa A. Lindstrom

Dated: November 16, 2015

## <u>Jury Trial Demand</u>

A trial by jury is hereby demanded in this case.

Respectfully submitted,

S/ David G. C. Arnold

_____

David G. C. Arnold

Attorney for Plaintiffs,
Alec David Lindstrom and Lisa A. Lindstrom

Dated: November 16, 2015

10