**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| LINDSTROM, et al., :<br><br>Plaintiffs, : <br><br>v. : <br><br>ST. JOSEPH'S SCHOOL FOR THE :<br>BLIND, INC., et al., : <br><br>Defendants. : | Civil Action No. 15-8084 (ES)<br><br>MEMORANDUM OPINION |

**SALAS, DISTRICT JUDGE**

This matter is before the Court upon an Order to Show Cause to determine whether this Court has subject matter jurisdiction over the sole remaining claim in this action—i.e., Plaintiffs' state-law gross-negligence claim.  (*See* D.E. No. 28; *see also* D.E. No. 21 (dismissing three of Plaintiffs' four claims)).[1]  The Court raised this matter *sua sponte* pursuant to its authority and obligations provided by the Federal Rules of Civil Procedure and binding precedent.  *See* Fed. R. Civ. P. 12(h)(3); *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("Subject-matter limitations on federal jurisdiction serve institutional interests. They keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative . . . ."); *see also*

---

[1]     The factual background of this action is incorporated herein by reference from the Court's previous Opinion.  (*See* D.E. No. 20).

*Russo v. City of Atl. City*, No. 13-3911, 2016 WL 1463845, at *1 (D.N.J. Apr. 14, 2016) ("[T]he motion will be granted as to all federal claims, and the parties will be ordered to show cause why the Court should not dismiss without prejudice the [state-law] claims pursuant to 28 U.S.C. § 1367(c)(3) . . . .").

The parties ask the Court to retain jurisdiction over this matter by exercising its discretion under 28 U.S.C. § 1367(c). (*See* D.E. Nos. 29 & 30). For the reasons below, the Court declines to do so. Accordingly, the Court hereby dismisses Count IV of Plaintiffs' Complaint *without prejudice* to its re-filing in state court.

1. On November 16, 2015, Plaintiffs brought this action, asserting violations of the Americans with Disabilities Act and the Rehabilitation Act (Count I), the New Jersey Law Against Discrimination (Count II), the New Jersey Nursing Home Act (Count III), and a New Jersey tort claim (Count IV). (*See* D.E. No. 1 ¶¶ 23-53). On September 30, 2016, this Court granted Defendants' motion to dismiss as to Counts I, II and III of Plaintiffs' Complaint *without prejudice*, but denied their motion to dismiss as to Count IV (i.e., Plaintiffs' state-law gross-negligence claim). (*See* D.E. Nos. 20 & 21). The Court gave Plaintiffs a chance to file an amended complaint, but they did not do so. (*See id.*). Plaintiffs subsequently represented to the Court that, although they "disagree in part with this Honorable Court's decision, they could not in good faith file an Amended Complaint in conformity with the decision, and may seek to appeal some of this Honorable Court's adverse findings in the future." (D.E. No. 29 at 1). Defendants have filed an answer in which, among other things, they noted the Court's dismissal of Counts I, II and III and addressed Plaintiffs' remaining state-law tort claim. (*See* D.E. No. 27).

2.      In response to the Court's Order to Show Cause, Plaintiffs contend that the "only remaining basis for Federal Jurisdiction now is 28 U.S.C. § 1367." (D.E. No. 29 at 1).  They argue that this Court "should retain jurisdiction" for the following reasons:

- "all of the claims asserted in Counts I through IV arise from the same factual background";

- "the matter has now been pending for a year";

- the parties have exchanged Rule 26 Disclosures, "formulated and partially executed a Discovery Plan," "participated in a Rule 16 Conference," and exchanged discovery requests and documents;

- the parties have participated in an in-person settlement conference;

- fact discovery is scheduled to conclude at the end of January 2017; and

- "the remaining State Law Claim is not unduly complex nor does it present a novel issue."

(*Id.* at 2).  Plaintiffs also note that, if the Court dismisses the remaining state-law claim, then Plaintiffs would be forced to litigate that claim in state court while they *may* be engaging in an appeal of the dismissed claims—some of which are state-law claims—before the Third Circuit. (*Id.* at 2-3).

3.      Defendants agree with Plaintiffs that this Court "should exercise its discretion and retain jurisdiction over the remaining state law cause of action for gross negligence on the theory of supplemental jurisdiction" under 28 U.S.C. § 1367. (D.E. No. 30 at 1).  They contend that the "remaining claim for gross negligence arises out of the same set of operative facts as the dismissed federal claim [sic]." (*Id.*).  Defendants note that this "matter has been pending before this court for approximately one year, and while little substantive discovery has occurred because of the motion to dismiss which was only recently decided, the parties have exchanged extensive written discovery, Plaintiff[] Lisa Lindstrom's deposition has been scheduled, and the parties are working to schedule the depositions of other witnesses." (*Id.*).  Like Plaintiffs, Defendants also

aver that dismissing the remaining state-law claim *without prejudice* to re-filing in state court would cause them inconvenience.  (*Id.* at 2 ("[I]f this matter dismissed [sic] and Plaintiffs refile in state court and also pursue an appeal in federal court, Defendants would be unduly prejudiced by having to defend two actions in two separate courts based on the same operative facts.")).

4.       A district court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).   "Importantly, pendent jurisdiction is a doctrine of discretion, not a plaintiff's right."  *Yue Yu v. McGrath*, 597 F. App'x 62, 68 (3d Cir. 2014).

5.       Under Third Circuit precedent, "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so."  *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (emphasis in original) (citation omitted).  Notably, "if it appears that all federal claims are subject to dismissal, the court should not exercise jurisdiction over remaining claims unless 'extraordinary circumstances' exist."  *City of Pittsburgh Comm'n on Human Relations v. Key Bank USA*, 163 F. App'x 163, 166 (3d Cir. 2006) (citing *Tully v. Mott Supermarkets, Inc.*, 540 F.2d 187, 195 (3d Cir. 1976)).[2]  Indeed, the U.S. Supreme Court long ago stated that: "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law"—and, "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

---

[2]       *See also Shaffer v. Bd. of Sch. Directors of Albert Gallatin Area Sch. Dist.*, 730 F.2d 910, 912 (3d Cir. 1984) ("We have held that pendent jurisdiction should be declined where the federal claims are no longer viable, absent extraordinary circumstances." (internal quotations marks and citations omitted)).

6.      The Court is not persuaded that it should retain jurisdiction over the instant action. "While the parties have clearly engaged in some discovery, there is no reason that they cannot use this discovery . . . toward litigation in state court." *See Zurich Am. Ins. Co. v. Egan*, Nos. 06-5123 & 07-0447, 2008 WL 1745802, at *3 (E.D. Pa. Apr. 14, 2008); *see also MCF Servs., Inc. v. Ernest Bock & Sons*, No. 05-1115, 2007 WL 4355388, at *4 (E.D. Pa. Dec. 22, 2007) ("[T]he parties here can use the evidence gained in their discovery to pursue state law claims pending in state court."). And, even accepting that substantial time and expense has been expended, the Third Circuit has stated that "'substantial time devoted to the case' and 'expense incurred by the parties' d[o] not constitute extraordinary circumstances" for purposes of exercising supplemental jurisdiction under Section 1367. *See City of Pittsburgh*, 163 F. App'x at 166 (quoting *Tully*, 540 F.2d at 196); *see also Shaffer*, 730 F.2d at 912 ("[T]ime already invested in litigating the state cause of action is an insufficient reason to sustain the exercise of pendent jurisdiction." (citation omitted)). To be sure, here, the Court dismissed Plaintiffs' federal-law claims on a motion to dismiss, not on the eve of trial. In fact, trial of this matter has not yet been scheduled. As such, no extraordinary circumstances are apparent from the procedural posture of this action. *See Leder v. Shinfeld*, No. 06-1805, 2008 WL 2165097, at *8 n.10 (E.D. Pa. May 22, 2008) (citing Third Circuit precedent and stating that "the cases are clear that when all of the federal claims are dismissed at an early stage, the district court should decline the exercise of supplemental jurisdiction over the state claims absent extraordinary circumstances").

7.      Moreover, it appears that district courts often decline to exercise supplemental jurisdiction over state-law claims when fact discovery is *complete*, not ongoing like here. *See, e.g.*, *Yue Yu*, 597 F. App'x at 68 (affirming district court's dismissal of "all of the remaining state and common law claims after awarding summary judgment to Defendants on all of the federal

claims over which it had original jurisdiction"); *Yue Yu v. McGrath*, No. 11-5446, D.E. No. 24 (D.N.J. Nov. 20, 2012) (district court's scheduling order wherein fact discovery deadline was December 31, 2012 and summary-judgment motion practice occurred in March and April 2013); *see also MCF Servs.*, 2007 WL 4355388, at \*4-5 (declining to exercise supplemental jurisdiction even though action had "been pending before th[e] court for over two years, discovery [was] completed, and the parties [had] briefed and argued Defendants' motion for summary judgment").

8.      The Court is also not persuaded by the parties' concerns about having to litigate in state court upon dismissal of the remaining state-law claim—while simultaneously having to address a *potential* appeal of this Court's prior Rule 12(b)(6) dismissal of Plaintiffs' first three counts.  After all, this issue could arise in virtually every instance where federal causes of action are dismissed and state-law claims are dismissed in favor of litigation in state courts.  Moreover, Plaintiffs' gross-negligence claim appears to involve issues traditionally resolved by the state courts.  Thus, if anything, the parties' contentions reveal that this action involves *ordinary* circumstances for purposes of 28 U.S.C. § 1367, not "extraordinary circumstances" warranting retention of Plaintiffs' remaining gross-negligence claim.  *See City of Pittsburgh*, 163 F. App'x at 166.[3]

9.      For the reasons above, this Court finds that considerations of judicial economy, convenience, and fairness to the parties do not provide an affirmative reason to retain supplemental jurisdiction—and no extraordinary circumstances counsel otherwise.  The Court

---

[3]      In their submissions, both parties reproduce the following from *Sarpolis v. Tereshko*, 625 F. App'x 594, 601 (3d Cir. 2016): "it is simply not the case that most courts accept that the proper course is to remand whenever all federal claims are dismissed."  (*See* D.E. No. 29 at 2; D.E. No. 30 at 1).  But the Court is not dismissing the remaining claim based on some notion that this is the "proper course" given that the federal claims have been dismissed.  Rather, as the *Sarpolis* decision itself states, the Court must "not retain supplemental jurisdiction over any remaining state-law claims 'unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'"  625 F. App'x 594, 599 (quoting *Hedges*, 204 F.3d at 123).  And the Court declines to exercise supplemental jurisdiction in view of these considerations.

- 7 -

therefore dismisses Count IV of Plaintiffs' Complaint *without prejudice* to Plaintiffs' ability to re-file this claim in state court.

      10.     An appropriate Order accompanies this Memorandum Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**
